# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT WILLIAM AVERKAMP,**
**and JANICE AVERKAMP**

        Plaintiffs,

**and**

**BLUE CROSS BLUE SHIELD**
**OF WISCONSIN,**

        Involuntary Plaintiff

        -vs-                                    Case No. 13-C-473

**SWIMWAYS CORPORATION,**
**CNA FOUNDATION,**
**TARGET CORPORATION, and**
**ACE AMERICAN INSURANCE COMPANY**

        Defendants.

# DECISION AND ORDER

This products liability action is before the Court on the motion to compel the depositions of Rachel Lee ("Lee"), Danny Zhang ("Zhang"), and Jerry Jiang ("Jiang"), three employees of Defendant Swimways Corporation ("Swimways) who work in China. (ECF No. 34.)  As will be further explained, the Plaintiffs, Robert William and Janice Averkamp (the "Avercamps"), have met their burden of establishing that the three employees are managing agents of Swimways and, therefore, subject to deposition pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6), "[i]f the person to be deposed is a corporation, the party seeking discovery has the choice either to designate an appropriate individual or to describe the subject matter of the questions to be asked and allow the corporate deponent to designate its own spokesperson familiar with that subject matter. If the party seeking discovery chooses the former option, then the person designated must be 'an officer, director, or managing agent' of the corporate deponent." *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 169 (S.D.N.Y. 1985) (internal quotes and citations omitted).

When determining whether an individual is a managing agent, courts consider multiple factors, including: (1) whether the individual has general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in the case; (4) his general responsibilities respecting the matters involved in this litigation; and (5) whether he can be expected to identify with the interests of the corporation. *See* Charles Alan Wright, et al., 8A *Federal Practice and Procedure* § 2103, at 480-81 (3d ed. 2008); *The Vision Ctr. Nw. Inc. v. Vision*

*Value LLC,* No. 3:07-CV-183 RLM, 2008 WL 4276240, at *3 (N.D. Ind. Sept. 15, 2008), *aff'd*, 2008 WL 4724722 (N.D. Ind. Oct. 21, 2008). No single factor is conclusive, and courts typically focus on the degree of control the individual has over the corporate affairs at issue. *Id.* The moving party has the burden of establishing that the deponent is properly characterized as a managing agent. *The Vision Ctr. Nw. Inc.*, 2008 WL 4276240, at *2. The number of factors considered by courts varies, but the test is a functional one decided on a case-by-case basis. *See Founding Church of Scientology of Wash., D.C., Inc. v. Webster,* 802 F.2d 1448, 1452 (D.C. Cir. 1986).

The Avercamps are seeking information regarding Swimways' consideration of the design and alternative designs for the Toypedo, a hand launched swimming pool projectile toy. They deposed Swimways' Rule 30(b)(6) designated corporate representatives, David Arias ("Arias"), Swimways' President, and Anthony Vittone ("Vittone"), Swimways' Vice President of Business and Legal Affairs, on the subject of the Toypedo design and alternative designs. Although designated by Swimways, contrary to Rule 30(b)(6)'s requirement neither Arias nor Vittone prepared for the deposition by discussing the topic of alternative designs with responsible employees or reviewed correspondence directly on point. *See Hooker v. Norfolk S. Ry. Co.,* 204 F.R.D. 124, 126 (S.D. Ind. 2001); *Alloc, Inc. v. Unilin Decor N.V.,* No. 02-C-1266, 2006 WL 2527656, at *2 (E.D. Wis. Aug. 29, 2006). Vittone identified

Swimways' employees Zhang, Jiang, Lee, Tim Ellington ("Ellington"), Ed Hayes ("Hayes"), and Paul Olsen ("Olsen"), Swimways' Director of Product Development and Operations for Asia, as having information about the Toypedo designs.

The deposition testimony of Olsen, Hayes, and Ellington establishes that from a functional standpoint Lee, Jiang, and Zhang are managers — each is a key player in Swimways' China team, and each has knowledge of the Toypedo alternative designs, with Zhang having the most knowledge regarding design modifications of the Toypedo and being Swimways' connection with the factory in China that fabricates its products. Swimways emphasizes that Lee, Jiang, and Zhang are mid-level employees and lack the authority to make any unilateral binding decisions concerning any design change or product modification (*see Vittone Aff. ¶¶ 5, 8, 11, 13, ECF No. 38); however those facts are not dispositive of the managing director analysis. *See Bianco v. Globus Med., Inc.,* No. 2:12-CV-00147-WCB, 2014 WL 977686, at *3 (E.D. Tex. Mar. 6, 2014) (collecting cases).

Lee is senior manager of account executives, Jiang is a manager of the product integrity group, and Zhang manages the engineering department of Swimways' China office and is involved in "all the projects" conducted out of that office. (Olsen Dep. 69:24-70:13.) (ECF No. 43-2, 45.) Hayes testified that both Zhang and Olsen were responsible for developing a soft tip Toypedo

prototype, but Zhang alone was tasked with discussing and developing the prototype with the factory in China. (Hayes Dep. 24:13-25:18.) (ECF No. 45.) The testimony of Hayes, Olsen, and Ellington establishes that Zhang had significant decision-making power over alternative design and product modification; Zhang was routinely assigned projects described in general terms, and he worked with the factory in China to formulate specifications and to test and analyze the results. (*See* Hayes Dep. 11:23-12:25; 14:1-8; 23:23-25:18; 27:1-29:12; 34, 92-101:25;109-110; Ellington Dep.16:05-15; Olsen Dep. 60:8-16; 54; 61:13-63-10; 65:10:25; 68:1-69:25; 71-85) (ECF Nos. 43-1-43-3, 45.) Furthermore, the proffered deposition testimony indicates that the employment relationship between Swimways and Zhang, Jiang, and Lee and the connection between their job responsibilities and the subject of the Toypedo aligns their interests with that of Swimways and makes them reliable deponents who may be expected to testify at Swimways' request. Based on the foregoing, the Court grants the Avercamps' motion to compel the Rule 30(b)(6) depositions of Lee, Jiang, and Zhang. *See Bianco,* 2014 WL 977686, at \*3.

Swimways has also contended that Lee, Jiang and Zhang have significant language difficulties. However, its contention is undermined by Olsen, who does not speak Chinese. Olsen communicates with Lee, Jiang, and Zhang exclusively in English, without use of an interpreter, and finds that

each is understandable. Lee, Jiang, and Zhang also communicate in English with other Swimways employees in the United States, and Olsen has not been made aware of any complaints that language barriers pose a deterrent to these communications.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Avercamps' motion to compel the depositions of Lee, Jiang, and Zhang (ECF No. 34) is **GRANTED**; and

Swimways must make Lee, Jiang, and Zhang available for deposition no later than **December 4, 2014**.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**